# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CRS REPROCESSING, LLC                                            CHAPTER 11

    DEBTOR-IN-POSSESSION                                     CASE NO.  17-32565

**DECLARATION OF BRENT C. WILLIAMS IN SUPPORT OF EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO: (A) OBTAIN SECURED SUPERPRIORITY POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364(C)(1), 364(C)(2) AND 364(D)(1); (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363; (C) GRANT ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363; AND (D) SCHEDULE FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B), 4001(C) AND 9014; (E) AND GRANTING RELATED RELIEF**

I, Brent C. Williams, declare as follows:

1.    I am a Managing Director with Lincoln Partners Advisors LLC (together with its affiliates, its wholly-owned subsidiaries, and independent contractors, "Lincoln"), the proposed investment banker to debtor CRS Reprocessing LLC, ("CRS" or the "Debtor") in the above-captioned chapter 11 case (the "Case"). I am also the co-head of Lincoln's Special Situations Group. I am authorized to execute this declaration (this "Declaration") on behalf of Lincoln. I am an individual over the age of 18. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein, and if called upon to testify, I would testify competently to all of the facts set forth herein.

2.    This declaration is being submitted in connection with the Emergency Motion Of Debtor And Debtor-In-Possession For Interim And Final Orders Authorizing Debtor To: (A) Obtain Secured Superpriority Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364(C)(1), 364(C)(2) And 364(D)(1); (B) Utilize Cash Collateral Pursuant To 11 U.S.C. §§

105, 361, 362 And 363; (C) Grant Adequate Protection To Pre-Petition Secured Lender Pursuant To 11 U.S.C. §§ 105, 361, 362 And 363; And (D) Schedule Final Hearing Pursuant To Bankruptcy Rules 4001(B), 4001(C) And 9014; (E) And Granting Related Relief (the "DIP Motion"), filed on the date hereof. I have reviewed and am familiar with the DIP Motion, the terms and conditions of the proposed secured, superpriority DIP financing facility ("DIP Facility") and the relief sought therein.

3. In forming the views set forth herein, I have relied upon and/or considered, among other things, the following: (a) my experiences in chapter 11 cases, including with debtor in possession ("DIP") financing facilities; (b) the DIP Motion and DIP Facility; (c) the *Declaration of Scott T. Massie in Support of First Day Motions* (the "Massie Declaration"); (d) certain of the Debtors' financial statements and reports; (e) documents related to the proposed DIP Facility and prepetition credit facilities; (f) Lincoln's analyses regarding the proposed DIP Facility and DIP financings in other chapter 11 cases; (g) discussions with the Debtors' management concerning the Debtors' business and finances; (h) discussions with prospective sources of DIP financing, including with regard to the proposed DIP Facility; (i) our understanding of the Debtor's liquidity, operational situation and prepetition capital structure; and (j) discussions with certain other professionals at Lincoln and other advisors to the Debtors.

### Professional Background and Qualifications

4. Lincoln is an internationally recognized investment banking firm engaged in, among other things, mergers, acquisitions, restructurings, leveraged buyouts, competitive biddings, private placements, and valuations for corporate and other purposes, with 18 offices throughout the world. Lincoln has a wealth of experience in providing investment banking services in restructurings and reorganizations and enjoys an excellent reputation for the services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors

2

throughout the United States.

5. In addition to numerous out-of-court restructuring situations, Lincoln and its professionals have been actively involved in major chapter 11 cases and have been retained as financial advisor in many cases, including, among others, AES Technologies (Debtor), Comprehensive Clinical Development (Debtor), Eastern Outfitters (Debtor), Humboldt Creamery (Debtor), MMFX Technologies (Debtor), Neoplan USA (Debtor), Song Networks (Debtor), Touch America (Debtor), Omtron USA (Debtor), SK Foods (Debtor), Fuddruckers (Debtor), Hancock Fabrics (Debtor), Vestis Retail Group (Debtor), Constar International Holdings (Debtor), Northern Beef (Debtor), Loehmann's (Debtor), Vicorp (Debtor), Winn-Dixie (Debtor), Allens Foods (Committee), Chassix (Committee), Dura Automotive (Committee), Hayes Lemmerz (Committee), HearUSA (Committee), Intermet (Committee), Motor Coach Industries (Committee), SkyMall (Committee), Supra Telecom (Committee), and Visteon (Committee). Furthermore, Lincoln's environmental and facilities services investment banking practice and its professionals have advised on numerous transactions including advising many companies within the Debtors' industry and those having similar operations and end markets to the Debtors. Lincoln advisors has extensive relationships in the private equity and debt capital markets, including commercial banks, non-bank finance companies, private equity firms, private debt funds, hedge funds, and opportunities funds, including those who from time to time provide third party DIP financing.

6. I have approximately 23 years of experience advising companies, creditors, and other stakeholders in a variety of distressed and special situations, involving the resolution of over $90 billion of financial obligations. I have advised on distressed mergers and acquisitions, amendments, waivers, debt for equity conversions, plans of reorganization, and other financial

3

restructuring transactions, and I have extensive experience executing transactions through the chapter 11 process. I currently co-head the special situations and restructuring practice at Lincoln. Prior to my employment with Lincoln, I led the restructuring and special situations practice of Teneo Restructuring, and prior to that I was a Managing Director and head of the New York office of the Restructuring Group of Duff & Phelps Securities (f/k/a Chanin Capital Partners). I started my career at KPMG in Canada and was a licensed trustee in bankruptcy in the Province of Ontario. I received a B.S. from Carleton University and also a Certified Public Accountant.

### Proposed DIP Financing

7. In mid-July 2017, the Debtor engaged Lincoln to provide investment banking services in connection with the Debtor's exploration of a range of strategic alternatives, including the potential sale of their assets, either together or in part, to financial or strategic acquirers. Lincoln immediately spent considerable time analyzing the Debtor's business and held discussions with management.

8. As described in more detail in the Massie Declaration and concurrently with Lincoln's retention, Lincoln was informed that the Debtor's business had immediate liquidity needs and there were on-going discussions between key constituents in the Company's capital structure as to potential transaction(s). At approximately the same time, Lincoln was informed that the Stalking Horse Bidder was contemplating an acquisition of the Debtor's assets that would be conducted via a Chapter 11 process. Lincoln further learned that such party's interest also included providing post-petition DIP financing to the Debtor and any of its affiliates that may also seek protection under the Bankruptcy Code.

9. In order to ascertain whether there were any other parties who would be interested in providing DIP Financing, Lincoln initiated discussions with 10 financial parties,

4

who we believed based on our experience could potentially move quick enough and have the investment flexibility to provide a competing DIP proposal to the DIP Facility proposal submitted by Triangle Capital Corporation ("Triangle" or "Lender"). Given the likely subordinated position of the DIP collateral, anticipated FY2017 operational results and the Debtor's outstanding debt balance(s), none of these third-parties wanted to execute a non-disclosure agreement and move forward in the process. While Lincoln conducted numerous conference calls and discussions with potential parties to ascertain their interest, no party emerged as a viable alternative funding source for the DIP Facility and other integrated transactions proposed by Triangle within the time available to the Debtor given its acute liquidity issues.

10.    Lincoln also solicited interest from an incumbent secured lender to provide DIP financing. Given the last-minute timing of the proposal (notwithstanding repeated requests for delivery), the Debtor and Lincoln concluded that the proposal submitted by Triangle was the highest and best option given the issues at hand.

11.    Based on my experience and the discussions referenced above with other potential investors, I do not believe that the Debtor could have obtained, negotiated, and finalized any other viable DIP proposals under the timing limitations and related circumstances on a materially more favorable economic basis than the economic terms of the DIP Facility, taking into account the circumstances, financial condition, inter-creditor issues, asset base and projections of the Debtor within the timeframe permitted by the Debtor's circumstances.

12.    In my view, the proposed DIP Facility is a vital component in preserving the value of the Debtor's business and allows time to seek higher and better offers for the Debtor's assets and, as such, is in the best interests of the Debtor's estate and creditors.

(Remainder of page intentionally blank)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 9th day of August 2017.

LINCOLN PARTNERS ADVISORS LLC

_____<br>
Name: Brent C. Williams<br>
Title:  Managing Director

1499431.1