# **EXHIBIT B**

**(Williams Declaration)**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CRS REPROCESSING, LLC                                                                          CHAPTER 11

DEBTOR-IN-POSSESSION                                                                  CASE NO. 17-32565

DECLARATION OF BRENT C. WILLIAMS IN SUPPORT OF
DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION OF LINCOLN PARTNERS ADVISORS LLC AS INVESTMENT BANKER
TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a)
AND 328(a), *NUNC PRO TUNC* TO THE PETITION DATE

I, Brent C. Williams, hereby declare under penalty of perjury:

1.  I am a Managing Director with Lincoln Partners Advisors LLC (together with its affiliates, its wholly-owned subsidiaries, and independent contractors, "Lincoln"), the proposed investment banker to CRS Reprocessing, LLC, ("CRS"), the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"). I am also the co-head of Lincoln's Special Situations Group. I am authorized to execute this declaration (this "Declaration") on behalf of Lincoln. I am an individual over the age of 18. Unless otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon to testify, I would testify competently to all of the facts set forth herein.

2.  I am in all respects competent to make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention of Lincoln Partners Advisors LLC As Investment Banker to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Nunc Pro Tunc to the Petition Date,* (the "Application"), filed concurrently with this Declaration, pursuant to which the above-captioned debtor (the "Debtor") seeks entry of an order authorizing the

employment of Lincoln as investment banker to the Debtor in this chapter 11 case pursuant to 11 U.S.C. § 327 and approving the proposed compensation to be paid to Lincoln in connection with such engagement pursuant to 11 U.S.C. § 328.

3. Lincoln possesses extensive knowledge and expertise relevant to the Debtor's business and is well qualified to advise the Debtor in this case. Lincoln has (i) substantial experience with, and knowledge of, companies involved in the environmental and facilities services industries; (ii) prior experience with the Debtor's assets including, without limitation, extensive knowledge of potential buyers interested in the Debtor's and Debtor's industry; and (iii) significant sell-side investment banking and restructuring transaction experience. In addition to numerous out of court restructuring and sale assignments, Lincoln's professionals have served as an investment banker and financial advisor to debtors, creditor groups and buyers of assets in a number of bankruptcy matters including: *In re EO Liquidating, LLC (f/k/a Eastern Outfitters), Case No. 17-10243 (LSS) (Bankr. D. Del. March 3, 2017); In re Vestis Retail Group, LLC, Case No. 16-10971 (LSS) (Bankr. D. Del. May 11, 2016) (Dkt. No. 253); Hancock Fabrics, Inc., Case No. 16-10296 (BLS) (Bankr. D. Del. Mar. 3, 2016 (Dkt. No. 282); In re Constar Int'l Holdings LLC, Case No. 13-13281 (CSS) (Bankr, D. Del. Jan. 24, 2014) (Dkt. No. 236); In re: Comprehensive Clinical Development, Inc., No. 13-17273 (JKO) (Bankr. S.D. Fla. Apr. 15, 2013); In re Humboldt Creamery, LLC, No. 09-11078 (Bankr. N.D. Cal. June 11, 2009); In re Omtron USA, LLC, No. 12-81931 (CRA) (Bankr. M.D.N.C. Feb. 5, 2013); In re ClearEdge Power Inc., No. 14-44191 (Bankr. N.D. Cal. July 23, 2014); In re Allens, Inc., No. 13-73597 (BTB) (Bankr. D. AR Oct. 28, 2014); In re K-V Discovery Solutions, Inc., No. 12-13346 (ALG) (Bankr. D. S.D.N.Y. Aug. 4, 2012); In re Visteon Corp., No. 09-11786 (CSS) (Bankr. D. Del. Sept. 11, 2009); In re Dura Automotive Sys., Inc., No. 06-11202 (KJC) (Bankr. D. Del. Dec. 21,*

2006); *In re Hayes Lemmerz Int'l; No. 09-11655 (MFW) (Bankr. D. Del. May 11, 2009); In re Global Power Equip. Group, Inc., No. 06-11045 (BLS) (Bankr. D. Del. Nov. 17, 2006); In re Citadel Broad. Corp., No. 09-17442 (BRL) (Bankr. S.D.N.Y. Apr. 12, 2010); In re Philadelphia Newspapers, LLC, No. 09-11204 (JKF) (Bankr. D. Del. June 6, 2009), In re Trico Marine Servs., Inc., No. 10-12653 (BLS) (Bankr. D. Del. Oct. 1, 2010); and In re AES Technologies, LLC (PMG) (Bankr. M.D. Fla. October 31, 2014).*

4. Under the Engagement Letter, Lincoln will perform such investment banking services for the Debtor in connection with the sale, DIP Financing, and all related services as are customary and appropriate in transactions of type, including the structure, negotiation strategy, valuation analyses, financial terms, and other financial matters, as the Debtor reasonably requests:[1] Subject to the Court's approval, the Debtor anticipates that Lincoln will perform the following investment banker services, among others,

(a) <u>With respect to a Sale Transaction</u>:

 (i) identifying potential parties who might be interested in entering into a sale transaction (the "Sale Transaction" as defined in the Engagement Letter);

 (ii) assisting with the preparation of an information memorandum or similar presentations for delivery to potential parties to a Sale Transaction describing the Debtor, the business and/or the assets to be sold (the "Sale Information Memorandum");

 (iii) formulating and recommending a strategy for pursuing a potential Sale Transaction;

 (iv) contacting and eliciting interest from potential parties to a Sale Transaction;

---

[1] Summaries and other descriptions of the terms of the Engagement Letter set forth in this Application are not intended to replace the terms of the Engagement Letter, and the terms of the Engagement Letter shall govern to the extent of any inconsistency between this Application and the Engagement Letter, except to the extent also modified in the Order. To the extent the Order is intended to modify or qualify the Engagement Letter in certain respects, necessary in connection with Lincoln's retention in this chapter 11 case, the Order shall control in the event any inconsistencies between the Application, the Engagement Letter, and the Order.

3

    (v)    conveying information desired by potential parties to a Sale Transaction not contained in the Sale Information Memorandum (the "Sale Supplemental Information");

    (vi)    reviewing and evaluating potential parties to a Sale Transaction; and

    (vii)    reviewing and analyzing proposals regarding a potential Sale Transaction.

(b)    <u>With respect to a Restructuring Transaction</u>:

    (i)    assisting the Debtor in developing a restructuring plan, which can be a Plan (the "Restructuring Transaction");

    (ii)    assisting the Debtor in structuring any securities to be issued pursuant to the restructuring plan;

    (iii)    assisting the Debtor in negotiating the restructuring plan with lenders, creditors and other interested parties;

    (iv)    assisting the Debtor in developing a plan of reorganization, if the Debtor files a voluntary case under the Bankruptcy Code,

    (v)    participating in hearings before the relevant bankruptcy court, if applicable, with respect to matters upon which Lincoln has provided advice, including, as relevant, coordinating with the Debtor's legal counsel with respect to testimony in connection therewith.

(c)    <u>With respect to a Financing Transaction</u>:

    (i)    Advising the Company regarding an appropriate capital structure for the Company, including the potential pricing and terms for any new senior debt, junior capital and/or equity securities;

    (ii)    Identifying financing sources who might be interested in participating in a Financing Transaction;

    (iii)    Assisting with the preparation of an information memorandum for delivery to financing sources describing the Company (the "Financing Information Memorandum" and, collectively with the Sale Information Memorandum, the "Information Memorandum");

    (iv)    Formulating and recommending a strategy for pursuing a potential Financing Transaction;

      (v)      Contacting and eliciting interest from various financing sources, including senior lenders, junior capital providers and/or equity investors, as appropriate;

      (vi)      Conveying information desired by financing sources not contained in the Financing Information Memorandum (the "Financing Supplemental Information,") and collectively with the Sale Supplemental Information, the "Supplemental Information"); and

      (vii)      Reviewing and analyzing all proposals, both preliminary and firm, received from financing sources relating to a Financing Transaction.

(d)      Such other services to which Debtor and Lincoln mutually agree.

5.      To the extent that the Debtor requests that Lincoln perform additional services not contemplated by the Engagement Letter or directly related to the services detailed in the Engagement Letter, the Debtor will seek further approval from the Court for any such additional services and will set forth, in additional to a description of the additional services to be performed, the fees sought to be paid for such services.

6.      It is Lincoln's procedure that no new matter may be accepted without checking each such matter for conflicts, including the identity of the prospective client, the matter and related adverse parties.  In preparing this Declaration, I supervised a connection check of our client records for the names used to prepare the Debtor's mailing matrix, provided by the Debtor to Stoll Keenon Ogden PLLC: (a) the Debtor and certain affiliated parties; (b) members of the Debtor's senior management; (c) the Debtor's significant secured and unsecured creditors; (d) the Debtor's shareholders; and (e) the professional firms that have been identified for employment in this chapter 11 case; (f) other significant parties in interest; (g) the U.S. Trustee and all persons employed thereby; and (h) all judges in the United States Bankruptcy Court for the Western District of Kentucky.

5

7. Through diligent inquiry, except as set forth in Schedule 1, I have determined that neither Lincoln, nor its senior professionals, is connected with the Debtor, its creditors, other parties in interest, the U.S. Trustee, any person employed by the U.S. Trustee, any of the Judges for the Western United States Bankruptcy Court for the Western District of Kentucky, and that, to the best of my knowledge after due inquiry, Lincoln does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or other parties in interest, hold or represent any interest adverse to the Debtor, its estate, or any class of creditors or equity holders with respect to the matters upon which it is to be engaged, except as set forth in this Order. I note that a separate legal entity that is an affiliate of Lincoln was previously engaged by the Debtor in December 2016 and received a few monthly fee payments in connection with that engagement.

8. Due to the nature of Lincoln's business, Lincoln may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys, accountants or advisors) who are or may consider themselves to be creditors, equity security holders, or parties interested in the cases. However, Lincoln is not and will not represent any entity other than the Debtor in connection with this case.

9. In addition to the foregoing, employees of Lincoln and its affiliates may have business associations with, professional and social relationships with, or interests aligned with or adverse to, creditors or other parties in interest, or their attorneys, accountants or advisors. As part of our practice, Lincoln provides services in cases, proceedings and transactions throughout the United States involving many different parties, and work together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest in these cases.

As far as I have been able to ascertain, none of these associations, relationships, or interests create interests materially adverse to the Debtor in matters upon which Lincoln is to be employed, and none have any connections with these cases.

10. I believe that Lincoln is therefore a "disinterested person" as that term is defined in 11 U.S.C. §101(14), as modified by 11 U.S.C. §1107, in that Lincoln, its professionals and staff: (a) hold no interest materially adverse to the Debtor, its creditors, and shareholders for the matters for which Lincoln is to be employed; (b) have no connection to the Debtor, its creditors, shareholders, or related parties herein except as disclosed in the Williams Declaration; (c) none of Lincoln's past or current engagements would or does appear to create an interest materially adverse to the interests of the Debtor, creditors, or equity security holders in the cases; (d) are not a creditor, equity security holder or an insider of the Debtor; and (e) are not or was not within two years before the Petition Date a director, officer, or employee of the Debtor.

11. Since July 17, 2017, Lincoln has been providing extensive services to the Debtor and prior to the Petition Date has received the following payments from the Debtor: (a) a payment of $25,000 received on or about July 18, 2017 as the Initial Advisory Fee From July 17, 2017 through the Petition Date (and subsequent to the Petition Date), Lincoln has been providing extensive services to the Debtor.

[*remainder of page intentionally left blank*]

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2017.

By: _____
Brent C. Williams

## **SCHEDULE 1**

9

**Contract Parties**

1. ADP - Lincoln has used ADP as a payroll service.

2. Alcoa, Inc. - Lincoln has done deals involving Alcoa, Inc. but no such deals have taken place within the past 3 years.

3. Arconic Inc. - Lincoln sold a business for Arconic Inc. in 2016.

4. Delta Dental - Delta Dental is a vendor for Lincoln.

5. Fidelity Investment - Fidelity is a vendor for Lincoln.


**Tax Authorities**

1. California Franchise Tax Board - Lincoln has an office in California.

2. Illinois Department of Revenue - Lincoln has an office in Illinois.

3. Internal Revenue Service - Lincoln has offices in the United States.

4. Texas Comptroller of Public Accounts - Lincoln has an office in Texas.


**Utility Providers**

1. Level3 Communications - Level3 is or has been a vendor for Lincoln.

2. Momentum Telecom - Lincoln sold a business for Momentum Telecom in 2015.

3. Verizon Communications - Verizon is a vendor for Lincoln.


**Vendors**

1. Anthem Blue Cross Shield-KY - Blue Cross Blue Shield of Illinois is a vendor for Lincoln.

2. Bloomberg BNA - Bloomberg is a vendor for Lincoln International.

3. THL Credit - Lincoln does valuations for their portfolio companies via its Valuation Group.

119033.157314/1504139.1